COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


MICHAEL GEORGE KESELICA
                                          OPINION BY
v.    Record No. 2270-99-4      JUDGE RUDOLPH BUMGARDNER, III
                                        NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Stanley P. Klein, Judge

          John Kenneth Zwerling (Lisa Bondareff Kemler;
          Zwerling & Kemler, P.C., on briefs), for
          appellant.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Michael G. Keselica appeals the revocation of his suspended

sentence for violating the terms of his probation.  He contends

the trial court shifted the burden of proof to him and denied

him the opportunity to present evidence at the show-cause

hearing.  He also contends the trial court abused its discretion

in revoking seven years of his eleven-year suspended sentence.

Concluding the trial court did not err, we affirm.

     In 1995, the trial court convicted the defendant of

embezzling $62,000 from an elderly couple.  The trial court

suspended a major portion of the sentence and ordered

restitution under a plan proposed by the defendant.[1]  In
September 1999, the trial court issued a rule to show cause that
alleged the defendant violated two conditions of probation.
Condition 3 required the defendant to pay restitution of $1,000
per month to the victims from whom he embezzled money.  He
admits he missed payments but asserts his failure was not
willful.[2]  Condition 6 required the defendant to cooperate and be
honest with his probation officer.  The defendant does not
contest he violated that condition.  While the defendant had
made substantial payments in Virginia, he had only made two
payments in the eight months preceding the hearing.  The trial
court found the defendant violated both conditions of probation.

The record reflects the trial judge did not shift the
burden of proof or prohibit the defendant from presenting
evidence.  The judge noted the defendant "has the burden of
showing cause why the suspended sentence should not now be put

---

[1] On April 21, 1995, the defendant received a sentence of
twelve years with all but thirty months suspended and eight
years of probation, which included restitution once work release
was established.  The trial court granted the defendant's June
16, 1995 motion to reconsider the sentence and amended it to all
but one year, three hundred sixty four days suspended.  The
defendant was released in November 1995.
    At about the same time, a Maryland court placed the
defendant on probation for crimes similar to the one committed
in Virginia.  The Maryland court ordered him to pay restitution
of approximately $200,000 at the rate of $1,000 per month.

[2] The defendant paid $40,000, but still owed $25,310 on the
day of the hearing.  He had only made ten payments in Virginia
since 1997.  The total paid from 1995 in both Virginia and
Maryland was $66,000.

into effect if I find that the Commonwealth's evidence is sufficient to prove that there's a violation of the terms of his probation." (Emphasis added). The probation officer testified about the defendant's probation adjustment. He did not pay restitution consistently in either Virginia or Maryland and deceived his probation officers. After the Commonwealth rested, the trial court asked if the defendant wished to present evidence, and the defendant elected not to do so.

The defendant argues that his failure to make restitution was not willful. He relies upon Duff v. Commonwealth, 16 Va. App. 293, 429 S.E.2d 465 (1993). In Duff, the parties agreed that the failure to pay restitution "resulted from an inability to pay . . . rather than from an unwillingness or refusal to do so." Id. at 296, 429 S.E.2d at 466. The trial judge noted there was no evidence the defendant was "holding back on us or trying to pull the wool over our eyes" and "I'm . . . confident . . . he is not perpetrating any fraud . . . on us." Id. at 295, 429 S.E.2d at 466. The revocation was unreasonable because the violation was not willful or the result of fraud. Id. at 298, 429 S.E.2d at 467 (analyzing Code §§ 19.2-305.1 and -306).

In this case, there was no evidence the defendant's failure resulted from an inability to pay. The defendant had continued making monthly payments from February to August 1998 despite being out of work. He moved to Rhode Island and earned net

wages of approximately $2,000 per month.  The defendant

represented his father could pay the entire balance due.[3]

While the defendant suggested non-payment resulted from

owing restitution in both Virginia and Maryland, the defendant

had originally submitted the restitution plan.  He had assured

the trial court he could handle the dual obligations and he

would consistently pay $1,000 per month in Virginia.  Indeed,

the trial court ameliorated its original sentence based on the

representation the defendant had the ability to pay

consistently, and the defendant never sought to amend the order.

The trial judge believed the defendant intentionally

misrepresented facts to both probation officers and both courts.

While the defendant maintained his failure to pay was not

willful, he did not take advantage of his opportunity to present

evidence to show why he had not paid or why his sentence should

not be revoked.  The trial court could infer from the

Commonwealth's evidence that the defendant was playing one court

against the other and his non-payment was willful.  The judge

noted that after the Commonwealth established the defendant's

failure to pay restitution, "then the burden . . . shift[ed] to

the Defense to put on evidence of any inability to pay."  The

---

[3] On the day set for the show-cause hearing, the defendant
moved for a continuance of one week.  He had a hearing pending
in Maryland the following Monday.  If the Maryland court did not
incarcerate him for failure to pay its restitution, the
defendant represented that his father would pay the entire
balance of his Virginia restitution obligation.

trial court did not abuse its discretion in finding a probation violation.

Next, we consider whether the trial court abused its discretion in revoking seven years of the defendant's suspended sentence. "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.' The court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991) (citations omitted).

Originally, the trial court imposed an innovative sentence enabling the defendant to rehabilitate himself by repaying the elderly couple whom he had defrauded of their life savings. The defendant failed to pay restitution as he had proposed and lied to his probation officer. The facts of this case establish the defendant violated two separate conditions of probation. The judge believed the defendant was deceiving both the courts and his probation officers. The trial court "'undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)).

It is within the trial court's purview to weigh any mitigating factors presented by the defendant, but the defendant chose not to present evidence. The record establishes that the trial court had sufficient cause to revoke the entire suspended sentence and did not abuse its discretion in revoking that portion it did revoke. Accordingly, we affirm.

<u>Affirmed.</u>