COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


EDWOOD C. SPENCER

MEMORANDUM OPINION* BY
v.     Record No. 1763-06-4      JUDGE WILLIAM G. PETTY
AUGUST 7, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

Karin Kissiah, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal, Edwood Spencer challenges the trial court's finding that he violated his

probation.[1]  Spencer contends that the trial court erred in finding that he violated his probation by

refusing to take anti-psychotic drugs.  Because competent and substantial evidence exists in the

record to support other charged violations of probation and because Spencer requested the exact

relief he now seeks to contest, we affirm without having to reach the merits of Spencer's claim.

I. BACKGROUND

On November 25, 2003, Spencer entered an Alford plea to the charge of throwing a

missile at an occupied vehicle, in violation of Code § 18.2-154.  On February 6, 2004, the trial

court sentenced him to serve thirty months in the Virginia Department of Corrections but

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

[1] Spencer was on probation following a conviction for throwing a missile at an occupied
vehicle in violation of Code § 18.2-154.

suspended all but ten months of the sentence for a period of three years. The trial court also imposed supervised probation to follow his incarceration. Spencer's supervised probation included special conditions of mental health and substance abuse treatment, testing, and counseling as directed by the probation officer. The trial court also directed him to comply with his probation officer's rules.

Within months, Spencer violated the terms of his probation, and on September 3, 2004, the trial court found Spencer failed to follow his probation officer's instructions. The trial court ordered that Spencer serve 100 days in jail, complete an anger management program, receive mental health testing, treatment, and counseling, and serve out the remainder of his probation as previously ordered. All other terms of the court's sentencing order remained in full force and effect.

On March 23, 2006, a bench warrant was issued based on allegations that Spencer had violated his probation by failing to follow his probation officer's instructions and by failing to comply with the mental health treatment special condition. A probation revocation hearing was held on April 20, 2006. In open court, Spencer filed a motion to dismiss the probation violation alleging, "said violation was issued in violation of his United States and Virginia Constitutional due process right to refuse psychiatric medication." The trial court denied the motion to dismiss, and explained:

> I'm not forcing [Spencer] to do anything. [Spencer] doesn't have to take any medication . . . . That's something that's totally up to him.
>
> But if he wants to be on the street instead of in the penitentiary, then he has to do what I determine is necessary to protect the citizens of the Commonwealth of Virginia from him because of an obvious mental illness, taking other actions consistent with what he did in the underlying offense and what he has done according to the presentence report to various members of his own immediate family.

*     *     *     *     *     *     *

The motion is therefore denied.

Teya West ("West") testified that she became Spencer's probation officer in December 2004. West alleged Spencer violated his probation by engaging in the following actions: (1) failing to take prescribed medication; (2) failing to follow his probation officer's instructions; (3) failing to appear for scheduled appointments for treatment and services at Mt. Vernon Mental Health; (4) making statements that could be construed as veiled threats against his doctor; and (5) engaging in noncompliant or threatening behavior consisting of placing a baseball bat in the trunk of his car, and when asked why, responding, "you never know, while driving down 90 or 81, . . . I may need it . . . ."

The trial court found Spencer in willful violation of his probation. The trial court specifically found that Spencer was "not following through with seeing the people at Mount Vernon Mental Health" and "[was] not taking the medication as prescribed by his Probation Officer." Moreover, he explained that his ruling was "not just limited to his failure to take the medication."

Prior to sentencing on the probation violation defense counsel addressed the trial court:

> I think that a specific order from the Court today, without waiving my previous argument, for Mr. Spencer to comply with the medication treatment and to keep in touch with Dr. Wilson or whatever health care provider he goes to would be sufficient and for the Court to release him on probation with the specific condition that he take his medication.
>
> *     *     *     *     *     *     *
>
> If the Court specifically orders that [taking medication] I am sure that Mr. Spencer would do that, and I would ask that the Court sentence him to time served on the probation violation and specifically order Mr. Spencer to do exactly what the Court would like him to do.

The trial court then proceeded to revoke six months of the previously suspended sentence. A two-year probationary term would then follow with a special condition of required mental health treatment. Spencer's probation officer would refer him to a mental health therapist, and the mental health treatment would include "whatever medication [his] mental health therapist . . . says [he has] to take."

Prior to imposing the final sentence, however, the trial court provided Spencer with an opportunity to address the court. In an open dialogue, the following occurred:

> [Trial Court]: But, Mr. Spencer, I'm not going to mandate you do anything. You don't have to take the medication if you don't want to, but I'm convinced that if you're not properly on your medication it's just a matter of time in light of the past when that demon, your mental health problems, is going to capture you once again, and I'm not going to wait until there's another window that's broken where someone this time may lose control of the car and be killed or kill somebody else. So, do you want to take your medication when you get out of jail, sir, or do you want me to just go ahead and give you your time and then when you're done with your time you can do what you want with your life?
>
> [Spencer]: Your Honor, I'll take the medication if it means – just to get my life back together and get it on track, and do what I have to do, and go where I definitely have to be.

Absent any objection from Spencer, the trial court imposed the sentence. Thereafter, Spencer appealed the trial court's order.

## II. ANALYSIS

On appeal, Spencer asserts the trial court erred in finding a probation violation for his failure to take prescribed prescription drugs. He argues he had a due process right to be free from the involuntary administration of anti-psychotic drugs as a condition of his probation unless the trial court made certain specified findings. Based on the record presented and for reasons expressed herein, we disagree.

- 4 -

After a trial court suspends a sentence, it "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period or within the period of suspension fixed by the court." Code § 19.2-306(A). On appeal from a revocation proceeding, the trial court's "'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (internal citations and quotations omitted). Reasonable cause for revoking a sentence includes a defendant's failure to comply with the conditions of his probation. Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999).

In the case before us, Spencer was charged with violating his probation on additional grounds, not simply for failing to take his medication. Spencer's probation officer testified that Spencer failed to comply with her instructions concerning his mental health treatment. His probation required that he receive mental health services, and the trial court found that Spencer failed to comply with the services offered at Mt. Vernon Mental Health. The trial court explained that his ruling was "not just limited to his failure to take the medication." On the record presented, we determine that the trial court did not abuse its discretion in finding a violation of probation. Keselica, 34 Va. App. at 35, 537 S.E.2d at 613.

Moreover, the record plainly reveals that when offered the choice between incarceration or a shorter jail sentence with probation while on medication, Spencer not only agreed, but also assured the court, that he would "take the medication if it means" he could "get [his] life back together and get it on track." Therefore, "this probation condition was imposed with [Spencer's] full and voluntary consent." Venable v. Commonwealth, 48 Va. App. 380, 391, 632 S.E.2d 1, 7 (2006).

Therefore, Spencer's claim on appeal that the trial court erred in imposing sentence is barred.  See Buchanan v. Commonwealth, 238 Va. 389, 400-01, 384 S.E.2d 757, 764 (1989) (holding that a defendant will not be heard to complain on appeal after a trial court granted the very relief sought by the defendant); see also Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988) ("No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong.").  We are also persuaded that "an offender's selection between two sanctions resulting from his own wrongdoing constitutes choice, not coercion."  Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998).

## III. CONCLUSION

Based on the foregoing discussion, we affirm the revocation of Spencer's probation and the sentence imposed.

Affirmed.