UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference

JUSTIN DWAYNE STUMP

MEMORANDUM OPINION[*] BY
v.      Record No. 1902-13-3          CHIEF JUDGE GLEN A. HUFF
MARCH 24, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Marcus H. Long, Jr., Judge

Steven D. Smith (SD Smith, Esquire, PLLC, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

On September 9, 2013, the Circuit Court of Montgomery County ("trial court") found

that Justin Dwayne Stump ("appellant") failed to comply with the terms of his probation, which

was ordered pursuant to a deferred disposition on two counts of possession of a controlled

substance, in violation of Code § 18.2-250.  Consequently, the trial court revoked appellant's

deferred disposition and found appellant guilty of the possession charges pursuant to Code

§ 18.2-251.  On appeal, appellant argues that

> [t]he trial court erred in finding [appellant] in violation of the
> requirements of his deferred disposition for failure to attend a
> mandatory drug treatment program . . . because [appellant] was
> incarcerated and convicted on other unrelated charges, which fact
> was known to the Commonwealth at the time of the plea
> agreement, and [he] was not given an opportunity to comply with
> the requirements of Code § 18.2-251.

For the following reasons, this Court affirms the trial court's ruling.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On November 18, 2012, appellant was charged with two counts of possession of a controlled substance, in violation of Code § 18.2-250.  Subsequently, on February 6, 2013, appellant was arrested on unrelated charges of grand larceny and breaking and entering.  Appellant has been continuously incarcerated since that time.

On May 29, 2013, after appellant's arrest for the unrelated charges, the trial court determined that appellant was eligible for a deferred disposition under Code § 18.2-251 for his possession charges.  Consequently, appellant entered into a plea agreement with the Commonwealth for a deferred disposition whereby appellant was placed on "supervised probation for one year."  As part of his probation, appellant was required, among other things, to "perform and complete 200 hours of community service under the supervision of New River Valley [Alcohol Safety Action Program]," undergo a substance abuse assessment, and complete a treatment and education program.  After a noncompliance letter was filed by New River Valley ASAP, however, the trial court issued a rule to show cause for appellant's failure to comply with the conditions of his probation.

On August 14, 2013, appellant was convicted on the unrelated grand larceny and breaking and entering charges and was sentenced to three years' and three months' incarceration.  On that same day, the trial court heard the show cause for appellant's failure to comply with the terms of his probation.  At the hearing, appellant argued that he was not able to comply with VASAP because he

had been continuously incarcerated on the unrelated grand larceny and breaking and entering charges since February 6, 2013. Additionally, appellant asserted that he committed no affirmative act since entering the plea agreement that rendered him unable to comply with the terms of his probation. The trial court noted that this failure was "[appellant's] own fault." The case was continued for sentencing guidelines to be prepared.

On September 4, 2013, appellant stipulated that he had failed to complete the terms of his probation, but asserted that he had not anticipated the length of the sentence he would receive for the unrelated charges when he entered the plea agreement. Additionally, appellant represented that he was still ready to comply with the terms of his deferred disposition. Nevertheless, the trial court revoked appellant's deferred disposition and entered a final conviction order under Code § 18.2-251. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in finding that appellant failed to comply with the terms of his probation. Specifically, appellant argues that under the contractual principle of "impracticability" appellant should have been relieved of his obligations under the plea agreement.

Code § 18.2-251 provides that

> [w]henever any person who has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to narcotic drugs . . . pleads guilty to . . . possession of a controlled substance under § 18.2-250 . . ., the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

If, however, a defendant violates "a term or condition" of his probation and deferred disposition, the trial court "may enter an adjudication of guilt and proceed as otherwise provided." Id.

- 3 -

Statutes that permit circuit courts to impose alternatives to incarceration, such as Code § 18.2-251, are "highly remedial" in nature and are liberally construed to provide trial courts valuable tools for rehabilitation of criminals. Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). As a result, circuit courts retain "full authority to independently evaluate [a] defendant's compliance" with a deferred disposition order, Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992), and "weigh any mitigating factors presented by the defendant," Keselica v. Commonwealth, 34 Va. App. 31, 36, 537 S.E.2d 611, 613 (2000). Accordingly, this Court reviews adjudications of guilt under Code § 18.2-251 for an abuse of discretion by the circuit court. Connelly, 14 Va. App. at 890, 537 S.E.2d at 245.

In the present case, appellant stipulated that he failed to comply with the terms of his probation, and the trial court heard and considered appellant's mitigating factors for this failure. Specifically, appellant informed the trial court that he was unable to comply with VASAP because of his incarceration and that he had not anticipated the length of sentence he would receive for the unrelated charges. Additionally, appellant asserted that he was still willing to comply with the terms of his probation. Notwithstanding these mitigating factors, the trial court noted that appellant's failure to comply with VASAP was "[appellant's] own fault."

Not only was appellant presently incarcerated on the unrelated charges when he entered the plea agreement, but he was also aware of the possibility of his continued incarceration. Nevertheless, he chose to bind himself to the terms of probation in the plea agreement to get a deferred disposition on his possession charges. Additionally, appellant was aware that the plea agreement did not – indeed, could not – guarantee that the charges would be dismissed without a finding of guilt. See Code § 18.2-251 ("Upon violation of a term or condition, the court may enter an adjudication of guilty and proceed as otherwise provided.").

Accordingly, in accepting the plea agreement and deferred disposition, appellant accepted the inherent risk that a conviction and lengthy sentence on the unrelated charges could result in his being unable to comply with VASAP. Therefore, this Court holds that the trial court, after "weigh[ing the] mitigating factors presented by [appellant]," Keselica, 34 Va. App. at 36, 537 S.E.2d at 613, did not abuse its discretion by finding appellant guilty under Code § 18.2-251.

Nevertheless, appellant contends that his failure to fulfill his obligations under the plea agreement should be excused. He argues that his obligation to comply with VASAP was rendered "impracticable" by his incarceration. Appellant correctly notes that Virginia law, while emphasizing constitutional issues, allows plea agreements to be construed in accordance with principles of contract law:

> "In the process of determining whether disputed plea agreements have been formed or performed, courts have necessarily drawn on the most relevant body of developed rules and principles of private law, those pertaining to the formation and interpretation of commercial contracts. But the courts have recognized that . . . the defendant's underlying 'contract' right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law."

Sandy v. Commonwealth, 25 Va. App. 1, 5, 486 S.E.2d 102, 104 (1997) (quoting United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986)), rev'd on other grounds, 257 Va. 87, 509 S.E.2d 492 (1999). Continuing, appellant cites to § 266 of the Restatement (Second) of Contracts, entitled "Existing Impracticability or Frustration," which provides:

> (1) Where, at the time a contract is made, a party's performance under it is impracticable without his fault because of a fact of which he has no reason to know and the non-existence of which is a basic assumption of which the contract is made, no duty to render that performance arises, unless the language or circumstances indicate to the contrary.
>
> (2) Where, at the time a contract is made, a party's principal purpose is substantially frustrated without his fault by a fact of which he has no reason to know and the non-existence of

- 5 -

which is a basic assumption of which the contract is made, no duty of that party to render that performance arises, unless the language or circumstances indicate the contrary.

Assuming without deciding that these principles of contract law apply to the present case, appellant's argument still fails.

Both subsections of § 266 of the Restatement (Second) of Contracts require that the impracticability or frustration of purpose result because of "*a fact of which [appellant] has no reason to know*." (Emphasis added). In the present case, at the time appellant entered into a plea agreement with the Commonwealth for a deferred disposition, he had been arrested for, and was awaiting trial on, the unrelated charges. As such, he had a "reason to know" that his performance under the agreement could be inhibited depending on the outcome of his unrelated charges. Given these circumstances, appellant's attempt to rely on § 266 of the Restatement (Second) of Contracts to relieve his obligations under the plea agreement is to no avail.[1]

### III. CONCLUSION

For the foregoing reasons, this Court affirms the ruling of the trial court.

Affirmed.

---

[1] On appeal, appellant also argues for the first time that he could have complied with VASAP had the services been provided to him through the Department of Corrections. While it is true that Code § 18.2-251 allows for "substance abuse assessment . . . and . . . treatment" programs to be provided "through the Department of Corrections," appellant's plea agreement required him to complete VASAP through "New River Valley ASAP," not through a "similar program which is made available through the Department of Corrections." Code § 18.2-251. As appellant was currently incarcerated and aware of the possibility of continued incarceration when he entered the plea agreement, he could have asked that the services be provided through the Department of Corrections, but he did not. Furthermore, appellant failed to present this argument before the trial court. As such, it is barred by Rule 5A:18. See Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) ("'Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*))).