COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Fulton and White

COREY ANTOINE ANDERSON

v.      Record No. 0369-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 20, 2022

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

(Taite A. Westendorf; Westendorf & Khalaf, PLLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


Following his guilty pleas, the trial court convicted Corey Antoine Anderson of aggravated

malicious wounding, malicious wounding, unlawful wounding, and two counts of the use of a

firearm in the commission of a felony.  The trial court sentenced Anderson to a total of sixty-three

years' imprisonment with thirty-nine years suspended, leaving an active sentence of twenty-four

years' imprisonment.

On appeal, Anderson asserts the trial court committed error by accepting his guilty pleas

without sufficiently establishing that the pleas were knowing, intelligent, and voluntary.  He also

claims the trial court abused its sentencing discretion.  After examining the briefs and record in

this case, the panel unanimously holds that oral argument is unnecessary because "the dispositive

. . . issues" in this appeal have been "authoritatively decided, and the appellant has not argued that

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Before accepting Anderson's pleas, the trial court conducted a colloquy with him to ensure that they were entered freely and voluntarily. During the colloquy, Anderson confirmed that he fully understood the charges against him and what the Commonwealth would need to prove to convict him. Anderson confirmed that by pleading guilty he was waiving his rights to a trial by jury, to not incriminate himself, and to confront and cross-examine the Commonwealth's witnesses. Anderson also confirmed that he understood the maximum punishment for the offenses and that the firearm charges carried an eight-year mandatory minimum sentence. In addition, Anderson completed and signed a guilty plea questionnaire in which he stated that he understood he would not receive a jury trial, he was waiving his right not to incriminate himself, as well as his rights to confront and cross-examine witnesses, and to defend himself.

The parties stipulated that the Commonwealth's evidence would show that on November 3, 2019, a Virginia Beach police sergeant heard multiple gunshots from the parking lot of a local nightclub. Police found Abdul-Akbar Shabazz suffering from a gunshot wound to the abdomen, Daja Spencer suffering from three gunshot wounds to her back, and Milton Cooke suffering from a gunshot wound to his right thigh. The subsequent investigation revealed that at the time of the

- 2 -

incident, Anderson had parked his car near the front entrance of the nightclub and played loud music in the car while he stood outside the car talking to two people. Several employees and patrons approached Anderson and asked him to turn the music down because police had recently been at the club due to a noise complaint. An argument ensued, and a physical altercation began; security separated those involved. As people began to walk away, Anderson retrieved an assault rifle from his car and fired five shots into the crowd in the parking lot, striking the three victims.

The trial court accepted Anderson's pleas, finding that they were made freely, voluntarily, and intelligently. Based on his pleas and the proffered evidence, the trial court convicted Anderson of aggravated malicious wounding of Shabazz, malicious wounding of Spencer, unlawful wounding of Cooke, and two counts of the use of a firearm in the commission of a felony. Consistent with the terms of the written plea agreement, the trial court granted the Commonwealth's motion to nolle prosequi an additional charge of use of a firearm in the commission of a felony and continued the matter for sentencing.

At the sentencing hearing, the Commonwealth introduced video footage of the incident from the club's surveillance cameras. Anderson's wife testified that they had been married for three years, but she had known him since she was four years old. She identified numerous family members who were present to support Anderson. She testified that Anderson is a caring member of the family and a good person. Anderson had his own security company, so the incident was surprising to the family; she surmised that Anderson was trying to protect himself during the incident. Anderson had expressed "a lot of remorse" about the incident and wished he had not been at the club that night. Anderson was running a successful business and was a good father to his children.

Simone Brown, the mother of Anderson's children, testified that Anderson had an "outstanding" relationship with his children and his incarceration had been hard for them because

- 3 -

they were too young to fully understand the situation. Brown stated that Anderson was an "outstanding" person, who is generous and caring; not the type of person to be involved in this incident. Aundre Raashad and Kevin Johnson, whom Anderson had mentored while they were at Norfolk State University, testified that Anderson had encouraged them to stay in school when both wanted to drop out. Consequently, Raashad became the first man in his family to graduate from college. Raashad and Johnson had communicated with Anderson while he was incarcerated; Anderson had accepted responsibility for his actions and was remorseful. Despite being incarcerated, Anderson had also helped Johnson with his business.

Anderson argued that nothing in his background, history, or characteristics indicated that he would have taken such actions. Addressing the traditional goals of sentencing, Anderson asserted that he did not need to be rehabilitated because he had no drug or substance abuse issues and no mental health issues. In addition, pain of the separation from his family while incarcerated would deter him from further criminal conduct. Anderson acknowledged that justice had to be served for the three victims but asked the trial court to sentence him only to the mandatory minimum eight years.

The Commonwealth argued that Anderson randomly fired into a crowd, and it was "miraculous" that the victims had not been more seriously injured than they were. The Commonwealth asserted that Anderson's remorse was not for the victims, but for the time he would lose away from his family and children and how he had been affected by this event. The Commonwealth argued that the mandatory minimum sentence was "nowhere near an appropriate sentence" for Anderson's actions and asked the trial court to sentence Anderson to at least twenty years' imprisonment.[1]

---

[1] The discretionary sentencing guidelines recommended a sentence ranging between nine years and twenty years' imprisonment, with a midpoint of sixteen years and eight months' imprisonment.

In allocution, Anderson stated that being away from his children was hard and he had experienced "an emotional roller coaster." Anderson expressed remorse for "the people that were injured in this situation" and stated he did not intend to harm anyone. Anderson stated that he was afraid for his life that night. He apologized to the victims and assured the trial court that he did not intend to hurt anyone.

After considering the evidence and argument by counsel, the trial court sentenced Anderson to a total of sixty-three years' imprisonment with thirty-nine years suspended. The trial court was "amazed that no one was killed" and stated that the video footage was "one of the worst things" it had seen. The trial court did not credit Anderson's claim that he had not intended to shoot anyone because Anderson had retrieved an assault rifle and fired into a crowd. The trial court acknowledged that Anderson had accepted responsibility, but found the sentencing guidelines were inadequate considering the nature of the incident and the need to send a message to Anderson about his actions. Anderson appeals.

## ANALYSIS

### I. Pleas were entered voluntarily, knowingly, and intelligently.

Anderson argues that the trial court erred in accepting his guilty pleas because he did not enter them voluntarily, knowingly, and intelligently. He contends that the record fails to reflect a knowing and voluntary waiver of his constitutional rights. Anderson, however, failed to preserve these arguments for appellate review.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the *particular* point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71

Va. App. 255, 266 (2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Anderson did not move the trial court to withdraw his pleas or argue to the trial court that his guilty pleas were not knowing, intelligent, or voluntary. In fact, when the sentencing judge inquired, Anderson's counsel assured the trial court the pleas were knowing and voluntary, explaining the many factors that they considered in negotiating the plea agreement. Accordingly, Anderson's argument is waived. Rule 5A:18. Although there are exceptions to Rule 5A:18, appellant does not invoke them, and the Court will not apply the exceptions *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*).

## II. Sentencing Discretion

Anderson argues that the trial court abused its discretion by sentencing him to twenty-four years' active incarceration, an upward departure from the sentencing guidelines' recommendation. He alleges that the sentence was arbitrary and that the trial court failed to consider any rehabilitative objective.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth

in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Du*, 292 Va. at 565). "[A] circuit court's failure to follow the [discretionary sentencing] guidelines is 'not . . . reviewable on appeal.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting Code § 19.2-298.01(F)). Here, Anderson's sentences were within the sentencing ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-51, 18.2-51.2(A), 18.2-53.1.

Additionally, it was within the trial court's purview to weigh Anderson's mitigating evidence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case— those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* The record demonstrates that the trial court considered the mitigating evidence and circumstances Anderson cites on appeal, including his lack of a prior criminal record, family relationships, and acceptance of responsibility. Balanced against those circumstances, however, was the wanton nature of the crimes and their lasting impact on the victims. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. That sentence was "within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.