COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

LOUIS A. MCMILLER

MEMORANDUM OPINION*

v.      Record No. 1833-22-1                          PER CURIAM
                                                      JUNE 27, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.


Following a revocation hearing, the trial court found Louis McMiller in violation of the

terms of his previously suspended sentences.  The trial court revoked McMiller's remaining

sentences of nine years and four months and resuspended five years.  On appeal, McMiller argues

that the trial court erred by imposing an "excessive" sentence.  After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  For the following reasons,

we affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

BACKGROUND[1]

On December 5, 2016, McMiller entered *Alford* pleas of guilty[2] to voluntary manslaughter and "unlawful use of a firearm,"[3] in accordance with a written plea agreement. The trial court sentenced McMiller to a total of 15 years' incarceration with 9 years and 4 months suspended, conditioned upon 20 years of good behavior and a period of probation.

McMiller began supervised probation upon his release from incarceration on November 20, 2020. Initially, McMiller's performance on probation was described as "fair." He reported as instructed, obtained employment, and maintained stable housing. He was arrested on November 4, 2021, however, for possessing a firearm as a convicted felon and for driving on a suspended operator's license. On April 18, 2022, the General District Court of the City of Virginia Beach convicted McMiller of the driving charge and sentenced him to 365 days' incarceration suspended. On August 2, 2022, the Circuit Court of the City of Virginia Beach convicted McMiller of the firearm offense and sentenced him to five years' incarceration.

At his revocation hearing in the Circuit Court of the City of Norfolk, McMiller admitted to violating the terms of his suspended sentences. Despite his admission, he argued in mitigation that he possessed the firearm for protection because "there was a hit on him." He lamented that his status as a felon placed him in a dilemma because he was not permitted to arm himself in his own

---

[1] "On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970) (holding that a criminal defendant can enter a plea of guilty while simultaneously maintaining his innocence).

[3] McMiller was convicted of a violation of Code § 18.2-53, styled in the trial court's documents as the "unlawful use of a firearm."

defense. Ultimately, McMiller asked the trial court to consider a sentence within the discretionary sentencing guidelines, which recommended incarceration between "time-served" and one year.

The Commonwealth argued that—despite McMiller's general compliance with standard probationary terms—"by [McMiller's] own argument, he's a gang member carrying a gun on our streets." Accordingly, the Commonwealth argued that the trial court should impose the entirety of at least one of his two suspended sentences.

In allocution, McMiller stated that he took "full responsibility" for what he did and explained that he was "nervous" and "paranoid" when he returned home from prison. He stated that he knew not to be around the "same people" anymore and not to frequent the "same area," telling the court he was not a "bad person." The trial court found that the guidelines could not properly account for the fact that McMiller was "caught with a firearm within a year of his release" from prison for "taking a life with a firearm." Accordingly, the trial court revoked the remaining suspended sentences of nine years and four months and resuspended five years. The trial court further denied McMiller's request that he be allowed to serve this sentence concurrently with the five-year sentence from Virginia Beach. McMiller appeals.

ANALYSIS

In revocation appeals, "the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). It is well settled that, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and

impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). As in the instant case, if the basis of the revocation "is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). McMiller disregarded this grace. Despite his otherwise-acceptable adjustment to probation, McMiller was "on probation for taking a life with a firearm and has been caught with a firearm within a year of his release."

It was within the trial court's purview to weigh any mitigating factors McMiller presented, including his gainful employment, his involvement with his family, his stable residence, and reliable contact with probation. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those circumstances were his new convictions for driving on a suspended license and for possessing a firearm as a convicted felon. The trial court found that the timing of the firearm offense was "something that can't be tolerated" and was not accounted for in the discretionary sentencing guidelines.

The trial court concluded on these facts that a substantial deviation from the recommendation contained within the discretionary sentencing guidelines was appropriate. In explaining his reason for the departure, the trial court wrote that McMiller's "original offense was voluntary manslaughter where he shot someone in the chest. Within one year of his release into a 20[-]year probationary period he was arrested (and now convicted) of possession of a 9mm handgun." Though McMiller argues that the trial court "was focused on retribution to the

- 4 -

exclusion of other sentencing considerations," the record does not support that contention. "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). It appears that the crux of McMiller's argument is that the sentence was too long and should have been ordered to run concurrently with his five-year sentence for the firearm charge. But "[f]or probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. We cannot find that the trial court abused its discretion in revoking McMiller's suspended sentences.

To the extent that McMiller argues this sentence was "excessive," this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)).

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*