COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Malveaux, Raphael and Callins

TREVANTA RASHAD YARBOROUGH, S/K/A
  TRE'VANTE RASHAD YARBOROUGH

v.       Record No. 1787-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 22, 2023

FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

(Stephen A. Mutnick; Winslow, McCurry & MacCormac, PLLC, on
brief), for appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ryan Douglas Beehler,
Assistant Attorney General, on brief), for appellee.


Trevanta Rashad Yarborough ("appellant") appeals from the trial court's order revoking his

previously suspended sentence and resuspending all but two years and eight months.  Appellant

contends that the trial court abused its sentencing discretion because it imposed a term of active

incarceration "clearly inconsistent with the facts of the case."  After examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  For the following reasons, we

affirm the decision of the trial court.

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it."'"  *Green v. Commonwealth*, 75 Va. App. 69, 76

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

(2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

On February 4, 2014, the trial court convicted appellant of robbery of a business with a weapon and use of a firearm in the commission of a felony. The trial court sentenced appellant to 23 years' incarceration, with 18 years suspended. By order entered on September 25, 2018, the trial court found appellant in violation of the conditions of his probation and suspended sentence. The trial court revoked the entirety of appellant's 18-year suspended sentence and resuspended 17 years and 8 months.

On November 5, 2019, appellant's probation officer reported that appellant had violated the conditions of his probation because he failed to successfully complete the Quitting Marijuana Group and tested positive for marijuana. On August 10, 2021, appellant's probation officer filed a violation addendum, reporting that appellant was charged with additional offenses in the Circuit Court for the City of Richmond and the Hanover County General District Court. The probation officer also reported that appellant had absconded from supervision and had an active warrant for his arrest. On October 4, 2022, the probation officer submitted a supplemental addendum, reporting that appellant was convicted of possession of a firearm by a nonviolent felon, possession of a Schedule I or II controlled substance with intent to distribute, and providing false identification to law enforcement and received a three-year-and-six-month active sentence.

At the revocation hearing, appellant stipulated to the violation.[1] Appellant argued that he was compliant with probation before the violation. He asserted he was given marijuana at 3 years

---

[1] The parties agreed at the hearing that Code § 19.2-306.1 did not apply because the proceedings were initiated before 2021.

old and smoked it "heavily" by age 11. Appellant asserted that he wanted to leave Richmond to get a fresh start with family in Atlanta. He argued that he had a "budding career in music" and two children. He asked the trial court to consider a drug treatment program. The Commonwealth argued that the trial court had already suspended a significant amount of time for a previous violation and appellant was not compliant. The Commonwealth asserted that the nature of appellant's new criminal convictions was concerning, as well as the fact that the convictions spanned multiple jurisdictions. The Commonwealth did not ask for a specific amount of time but requested a "significant amount" of time be revoked. The trial court revoked the entirety of appellant's 17-year-and-8-month sentence and resuspended 15 years. Appellant appeals.

ANALYSIS

Appellant argues that the trial court abused its sentencing discretion because it imposed a term of active incarceration "clearly inconsistent with the facts of the case." He asserts that the trial court did not weigh his mitigating evidence when it fashioned its sentence. He argues that the sentence was "unnecessarily harsh," "arbitrary and not a product of conscientious judgment."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statutes in effect when appellant's revocation proceedings began, once the trial court found that he had violated the terms of the suspension, it was obligated to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii) (2020 Cum. Supp.). The trial court was then permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).[2]

---

[2] Effective July 1, 2021, Code § 19.2-306(C) was amended and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Spec. Sess. I ch. 538. Instead, "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension,

Appellant does not contend that the trial court did not have sufficient cause to revoke his suspended sentence. Indeed, he admitted that he was in violation. Rather, he argues that the trial court abused its sentencing discretion because it failed to consider his mitigating evidence. In fashioning appellant's sentence, it was within the trial court's purview to weigh any mitigating factors he presented, including his prior success with probation, his active sentence for his new convictions, his exposure to marijuana at age three, his children, and his music career. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record demonstrates that the trial court considered the mitigating evidence appellant presented. Balanced against that evidence, however, were significant facts in aggravation, including appellant's recent convictions and charges, which spanned multiple jurisdictions.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Considering appellant's new convictions, the trial court reasonably concluded that some active incarceration was appropriate. "When coupled with a suspended sentence, probation

---

then the court *may* revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C) (emphasis added). The "newly enacted Code § 19.2-306.1 limits the period of active incarceration" for "certain 'technical violations.'" *Green*, 75 Va. App. at 78. Nevertheless,

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B). Appellant's violation was based, in part, on new criminal offenses committed after the date of the suspension. Accordingly, even under the new probation framework, the trial court retained the discretion to impose "any or all" of his previously suspended sentence. *Id.*

represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Additionally, appellant's proportionality challenge to his sentence must fail. This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

### CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*