COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

UNPUBLISHED

COREY LANCE HILL

v.      Record No. 1744-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 22, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Brett P. Blobaum, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; David A. Stock, Assistant
Attorney General, on brief), for appellee.


Corey Lance Hill ("appellant") challenges the sentence the trial court imposed after

revoking his previously suspended sentence. Appellant contends that the trial court abused its

discretion in weighing his mitigating evidence and imposing an active sentence of two years and ten

months. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). For the following reasons, we affirm the trial court's judgment.

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76

(2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

In June 2007, the trial court convicted appellant of felony eluding and possessing cocaine, and in May 2008, sentenced him to a total of ten years' incarceration with eight years and two months suspended, and placed him on supervised probation. In 2010, appellant admitted to violating the conditions of probation, including absconding from probation, and the trial court revoked the previously suspended sentences and resuspended five years and two months. In 2014, appellant again admitted that he had violated the conditions of his probation, including absconding from probation and receiving new convictions, and the trial court revoked and resuspended the previously suspended sentences.

In March 2017, the trial court found that appellant had received new convictions, revoked his previously suspended sentences, and resuspended four years and eight months. A November 2017 major violation report alleged that appellant had failed to report for multiple drug screens and office appointments and tested positive for cocaine and other drugs on three occasions. In 2018, after appellant admitted to violating the conditions of probation, the trial court revoked the suspended sentences and resuspended three years and two months. Finally, a December 31, 2019 major violation report and October 2022 addendum alleged that appellant had failed to report to the probation officer as instructed, attempted to adulterate a urine sample, admitted to using cocaine and marijuana, failed to provide a valid address to the probation officer, and absconded from probation beginning December 12, 2019. Appellant was arrested on a capias on September 9, 2022.

At the revocation hearing on October 18, 2022, appellant admitted that he violated the conditions of his probation as alleged in the major violation report. Appellant testified that after the previous violations, he went to a "sober living house" in Harrisonburg to avoid being around his "old friends" and "old ways" of living. He spent four months there, then returned to his home area, "got back with the same friends," and "fell back into [his] old ways." Appellant maintained that he "slipped up" on his "first appointment," then "got high," and "it was too late." He stated that he was

"supporting [his] family the best way" he was able and had earned his commercial driver's license (CDL). Appellant, who was 46 years old at the hearing, testified that he had struggled with addiction since he was approximately 23 years old. He denied any current drug use, said that he had "a strong faith" and knew he had "a family" and "children" who were "depending on" him, and asserted that he was "done with [drug use]."

The Commonwealth argued that appellant had "a history of violating probation." The Commonwealth emphasized appellant's extensive criminal record, including at least eight felonies and ten probation violations. The Commonwealth argued that if appellant were put on probation again, he would simply "continue to violate." The Commonwealth acknowledged that appellant had struggled with addiction but argued that the trial court should revoke all of his remaining suspended sentence.

Appellant's counsel argued that he now had "his mind right" and needed to be able to "take care of his family." He emphasized that appellant had obtained his CDL, had benefitted from being in the sober living house, and asked the trial court to impose no more than six months' active time to give him the opportunity to work. In allocution, appellant maintained that he had been "try[ing] to get back on the right track" when he was in Harrisonburg, was "clean" and "sober," "saving money," and "[e]verything was great" before he returned to his home area and "messed up." He said that he accepted responsibility and was ready to "get back to society" and be off of probation. He admitted an addiction problem but maintained that he was handling that "every day" and was "ready to deal with it."

After argument by counsel, the trial court found that appellant had absconded from probation not because of one missed appointment, as appellant had testified, but because he had decided every day for two years not to "turn [him]self in." The trial court acknowledged that "everybody wakes up" to what is needed in life "at a different time," but emphasized that the

current proceeding was for appellant's fifth probation violation. The trial court revoked the three years and two months of the previously suspended sentence and resuspended two years and ten months.

The trial court convened another revocation hearing on October 28, 2022, to address a discrepancy between what the trial court had intended to impose and the revocation order as entered. At this hearing, the trial court allowed appellant to present additional mitigation evidence. Appellant's sister, Noelia Coe, came to the hearing from California and testified that her relationship with appellant had "gotten better over time" and he would be welcome to stay with her or with their mother in Virginia upon his release. According to Coe, appellant's family members were "very supportive" and had noticed that he was "doing something different" recently, such as "enroll[ing] to get a CDL." Coe further testified that appellant had "made a turnaround" from his "history of drugs." Coe had contacted the school where appellant had been enrolled and testified that he would be welcome to attend again once he was released. Coe asserted that appellant's "actions were different this time" from times in the past when he would claim that he was going to do better. She also testified that she talked with appellant "every day now," as opposed to earlier times when he would be "distant."

The Commonwealth once again urged the trial court to impose the full sentence. Appellant's counsel argued that the trial court could believe that appellant had changed and asked for one more opportunity, suggesting that the trial court give appellant probation with special conditions instead of an active period of incarceration. In allocution, appellant stated that he "look[ed] at things" differently now. He emphasized his family relationships and the support they were giving and maintained that distance from his family had been "the number one reason" for his past violations. Appellant asserted that he was "definitely ready for a change" and would "be a better man."

After argument by counsel, the trial court found that appellant had been given opportunities to avoid incarceration previously and had not taken advantage of them. The trial court found that it had imposed special conditions in 2018 but appellant absconded only three months after being placed on probation and was gone for two years and nine months. The trial court also found that appellant had absconded from probation before and knew "every day that he woke up that he needed to turn himself in" but decided not to. The trial court acknowledged that appellant claimed to have "turned the corner" but found that two years and ten months was an appropriate sentence under the circumstances.[1] By order entered November 16, 2022, the trial court revoked three years and two months of the previously suspended sentence, resuspended four months, and removed appellant from supervised probation. Appellant appeals, arguing that the sentence constitutes an abuse of the trial court's discretion.

## ANALYSIS

On appeal, appellant argues that the trial court improperly weighed his mitigating evidence and erroneously focused on the period during which he absconded. In support of this claim, he notes that the trial court fashioned a sentence that corresponded to that period. Appellant asserts that the General Assembly did not "create[] a formulaic rubric for determining" that the appropriate sentence for a probationer who has absconded is the length of time that he was gone. Thus, appellant argues, the trial court abused its discretion by not properly weighing his mitigating evidence against his absence. We disagree.

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green*, 75 Va. App. at 76 (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). "[T]he abuse of discretion standard requires a

---

[1] The trial court indicated it believed an appropriate sentence was two years and nine months, equal to the period he absconded, and one additional month for the other violations of probation.

reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). This Court will find an abuse of discretion only when "reasonable jurists could not differ." *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019) (quoting *Campos v. Commonwealth*, 67 Va. App. 690, 702 (2017)).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the statute in effect when the probation officer filed the 2019 major violation report, when a trial court revokes a suspended sentence, "the original sentence shall be in full force and effect. The court may again suspend all or any part of this sentence and may place the defendant upon terms and conditions or probation." *Hill v. Commonwealth*, 73 Va. App. 206, 214 (2021) (quoting Code § 19.2-306(C)), *aff'd*, 301 Va. 222 (2022).

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him by continuing to use illegal drugs, absconding from probation for a significant time, and the other violations documented in the record. Appellant does not dispute that the court had good cause to revoke his suspended sentence. Indeed, he conceded at the revocation hearing that he had attempted to adulterate a urine sample, failed to report as instructed, failed to provide a valid address, admitted to cocaine and marijuana use, and absconded from probation.

While appellant presented mitigation evidence, such as his family's support, that he had earned his CDL, and his declarations that he had changed and intended to "be a better man," it was within the trial court's purview to weigh any such mitigating factors. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against that evidence, however, were appellant's significant and repeated violations of the conditions of his suspended sentence, and the fact that this constituted his fifth violation. Though the trial court found the length of appellant's abscondence from probation significant, that does not mean that the trial court focused on that factor to the exclusion of his mitigation. "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). To the contrary, the record demonstrates that the trial court considered appellant's mitigating evidence.

We cannot find that the trial court failed to adequately weigh appellant's mitigation. Instead, the trial court placed greater weight on the fact that this was appellant's fifth revocation and his third act of absconding. Therefore, we hold the sentence imposed to be a proper exercise of the trial court's sentencing discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding the court did not abuse its discretion by imposing the previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"). Accordingly, we affirm the trial court's judgment.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.