COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


SARAH MARGARET RUNYON, S/K/A
 SARAH ANN RUNYON
                                        OPINION BY
v.    Record No. 0113-98-3       JUDGE JERE M. H. WILLIS, JR.
                                         APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                  Charles H. Smith, Jr., Judge

         Emmitt F. Yeary (Michael A. Bragg; Joseph P.
         Johnson, Jr.; Yeary & Associates, on briefs),
         for appellant.

         Michael T. Judge, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     On appeal from her conviction for distribution of cocaine

as an accommodation, in violation of Code § 18.2-248, Sarah

Margaret Runyon contends that the trial court erred (1) by

limiting testimony, during the sentencing phase of trial,

regarding her mental condition and the effects of confinement in

jail on that condition, and (2) by refusing to suspend all or

part of her sentence.  We disagree and affirm the judgment of

the trial court.

     A jury convicted Runyon of distributing cocaine as an

accommodation, in violation of Code § 18.2-248.  Before the

sentencing phase of her trial, Runyon moved for a continuance on

the ground that her psychiatrist, Dr. Robert W. Hill, whom she had not summoned, was unavailable to testify. The trial court denied that motion. Dr. Maria Abeleda, another treating psychiatrist, testified that she had diagnosed Runyon with panic attacks, anxiety disorder, depression, a personality disorder, and social retardation, which made her easily susceptible to suggestion and stunted her social ability to that of a twelve-year-old child. Upon objection, the trial court refused to permit Dr. Abeleda to explain the effect that confinement in jail would have on Runyon psychologically. The jury fixed Runyon's sentence at twelve months in jail.[1]

## I. Psychiatric Testimony

Runyon contends that the trial court erred in excluding evidence of her need for treatment and of the effect that confinement in jail would have on her mental condition. We disagree.

During the sentencing phase of a trial, the jury should hear "relevant, admissible evidence related to punishment." Code § 19.2-295.1. Determination of the admissibility of such evidence lies within the sound discretion of the trial court.

---

[1]Runyon notes on brief that the jury's recommendation and the transcript from the sentencing hearing reflect that the sentence is twelve months in jail, while the sentencing order provides "incarceration with the Virginia Department of Corrections . . . ." Because Runyon assigned no error to this discrepancy, we do not address it on appeal.

See Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Runyon argues that the trial court should have admitted, during the sentencing phase of the trial, evidence relating to the effect of incarceration on her mental health and concerning her need for alternative treatment. In determining what evidence should be considered by a sentencing jury, a trial court should be guided by the cases decided under Code § 19.2-264.4, the corresponding statute for capital murder cases. See Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999). Code § 19.2-264.4 states, in relevant part,

> [e]vidence which may be admissible . . . may include the circumstances surrounding the offense, the history and background of the defendant, and any other facts in mitigation of the offense.

"[D]iscretion is vested in the trial court to determine, subject to the rules of evidence governing admissibility, the evidence which may be adduced in mitigation of the offense." Coppola v. Commonwealth, 220 Va. 243, 253, 257 S.E.2d 797, 804 (1979).

During the sentencing phase of the trial, the trial court allowed Runyon to introduce evidence regarding her diagnosis and the effects of her various mental disorders. It excluded testimony concerning the effect of incarceration on Runyon. Such testimony would not have been evidence of circumstances mitigating the crime. It would have addressed dispositions

alternative to incarceration or appropriate treatment for Runyon as a confined inmate, neither of which were matters properly before the jury. The trial court did not err in rejecting this testimony. The jury's duty was to recommend sentence, not to consider alternative forms of punishment or sentence reduction. See Code § 19.2-295. See also Jones v. Commonwealth, 194 Va. 273, 279, 72 S.E.2d 693, 696 (1952).

## II. Suspension of the Sentence

Runyon contends that the trial court erred in refusing to suspend all or part of her sentence. She argues that the trial court ignored the sentencing guidelines, which suggested a period of probation and no incarceration, and, ignoring mitigating circumstances, erroneously refused to consider variation from the sentence fixed by the jury.

"[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977). The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences. See Robinson v. Commonwealth, 13 Va. App. 540, 542, 413 S.E.2d 661, 662 (1992). Even though the trial court provided no written explanation for its departure from the sentencing guidelines, "the failure to follow any or all of the provisions [of Code § 19.2-298.01] in

the prescribed manner shall not be reviewable on appeal . . . ." Code § 19.2-298.01(F).

At the sentencing hearing, the trial court heard testimony from Dr. Hill and others concerning the severity of Runyon's condition, the effects that confinement could have on her, and as to alternative dispositions, such as supervised psychiatric treatment while under probation.  After hearing argument, the trial court stated:

> Counsel are aware this Court did not try the defendant.  She put her fate in the hands of a jury of her peers. . . .  If the defendant wished the sentencing Court and wished the sentencing authority here to know what else was available, then perhaps she should have put her faith in the hands of the Court.

Runyon argues that by these comments, the trial court evinced its belief that it was bound by the jury verdict and its unwillingness to consider imposing a sentence that varied from the sentence fixed by the jury.  However, the trial court also stated:

> The Court heard the evidence, as did the fact-finder.  And, the Court cannot and has not disagreed with that verdict.  The Court, obviously, is abundantly aware of all the dispositions and of all remedies available to this Court for extra conditions; that is, to say the matter in which the doctors here have suggested. . . .  The Court has observed the defendant and has listened attentively to all the testimony about her condition and past conditions.

In <u>Duncan v. Commonwealth</u>, 2 Va. App. 342, 343 S.E.2d 392

(1986), we discussed the effect to be given by a trial court to

the sentence fixed in a jury verdict.

> Under the statutory scheme, the jury
> determines the guilt or innocence of the
> accused.  If the jury finds that he is
> guilty, it then "ascertains" or "fixes" the
> maximum punishment in accordance with
> contemporary community values and within the
> limits established by law.

<u>Id.</u> at 345, 343 S.E.2d at 394.

> "[T]he punishment as fixed by the jury is
> not final or absolute, since its finding on
> the proper punishment is subject to
> suspension by the trial judge, in whole or
> in part, on the basis of any mitigating
> facts that the convicted defendant can
> marshal.  The verdict of the jury is the
> fixing of maximum punishment which may be
> served.  Under such practice, the convicted
> criminal defendant is entitled to 'two
> decisions' on the sentence, one by the jury
> and the other by the trial judge in the
> exercise of his statutory right to suspend;
> his 'ultimate sentence . . . does not
> [therefore] rest with the jury' alone but is
> always subject to the control of the trial
> judge."

<u>Id.</u> at 345, 343 S.E.2d at 394 (quoting <u>Vines v. Muncy</u>, 553 F.2d

342, 349 (4th Cir.), <u>cert.</u> <u>denied</u>, 434 U.S. 851 (1977)).

> By vesting the trial court with
> discretionary authority to suspend or modify
> the sentence imposed by the jury, the
> legislature intended to leave the
> consideration of mitigating circumstances to
> the court.  It is the court that has the
> responsibility of pronouncing the sentence
> after the maximum punishment is fixed by the
> jury.

<u>Id.</u> at 345, 343 S.E.2d at 394.

The trial court's duty required it to consider the sentence recommended by the jury in the light of the relevant factors and circumstances proved by the evidence and to impose the sentence that, in the exercise of its sound discretion, it determined to be just.  We find no basis on which to conclude that the trial court did not discharge that duty properly.  The trial court heard the evidence submitted by the parties.  In addition to its remarks from the bench, it stated in its sentencing order:

> The defendant by counsel, moved the Court to suspend the sentence imposed and place the defendant on probation.  After hearing testimony by the defendant, argument of counsel and after mature consideration of all the facts herein, the Court denied the motion for probation.

The judgment of the trial court is affirmed.

Affirmed.