COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Clements and Frank

BRAD O'NEAL ALLEN

v.      Record No. 1280-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 16, 2022

FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Herbert M. Hewitt, Judge

(Alexander Raymond, on brief), for appellant. Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


Counsel for Brad O'Neal Allen filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of

that brief has been furnished to Allen with sufficient time for him to raise any matter that he

chooses. Allen has not filed any *pro se* supplemental pleadings. After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). The trial court's

judgment is affirmed.

Following his guilty pleas, the trial court convicted Allen of distributing a Schedule I or

II controlled substance and conspiracy to distribute a Schedule I or II controlled substance. The

trial court sentenced him to a total of forty years' incarceration with thirty-two years suspended.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, Allen argues that the trial court abused its discretion by imposing a disproportionate sentence that exceeded the discretionary sentencing guidelines.

BACKGROUND[1]

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On June 17, 2021, Allen pleaded guilty to distributing a Schedule I or II controlled substance and conspiracy to distribute a Schedule I or II controlled substance. In conjunction with his pleas, Allen signed an "Acknowledgment of Rights" form and submitted it to the trial court. By signing the form, Allen confirmed that he was "aware of the nature of the charges against" him and "the range of possible punishment for each charge." He understood that by pleading guilty he was waiving several rights, including the rights to testify at trial, confront the witnesses against him, and appeal certain decisions of the trial court. Allen confirmed that he had been "advised of each of these rights in open Court" and "understood" them. The trial court accepted Allen's pleas, continued the matter for sentencing, and ordered a presentence investigation report.

---

[1] The record on appeal does not contain timely-filed transcripts for the plea or the sentencing hearings. *See* Rule 5A:8(a). Although the transcripts are not "necessary to permit resolution" of Allen's assignment of error, we confine our review to the record manuscript and the exhibits before the trial court. *See* Rule 5A:8(b)(4)(ii); *Jacks v. Commonwealth*, 74 Va. App. 783, 795 (2022) (*en banc*) (noting that issues are waived under Rule 5A:8 only when a transcript or written statement of facts in lieu of transcript is "necessary to permit resolution of appellate issues").

Allen filed a sentencing memorandum with the trial court. Allen argued that the trial court should sentence him "at or below" the "low range" of the adjusted discretionary sentencing guidelines.[2] He contended that he had "shown remorse" and accepted responsibility by pleading guilty. He asserted that his wife's death contributed to his drug abuse and asked the trial court to impose drug treatment and counseling as a condition of probation.

At the sentencing hearing, Allen introduced letters from his sister, aunt, and mother. The letters described Allen as depressed and connected his drug use to the death of his wife. Allen's sister wrote that his incarceration for the present charges had removed him from negative influences and given him a "fresh start." In addition, his mother expressed hope because Allen had been receiving "help" for his addiction while incarcerated. By final order entered October 26, 2021, the trial court sentenced Allen to twenty years' incarceration with sixteen years suspended for each conviction. Allen appeals.

ANALYSIS

Allen argues that the trial court abused its discretion by imposing a "disproportionate" sentence that exceeded the discretionary sentencing guidelines. He maintains that the court should have imposed less active incarceration because he "accepted responsibility for his crimes" and was addressing his "drug addiction," which had "spiraled out of control" after his wife's death.

This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a

---

[2] The discretionary sentencing guidelines recommended between three years and two months' incarceration and five years and two months' incarceration, with a midpoint of four years and three months; the adjusted guideline range was from one year, seven months, and two days to five years and two months.

- 3 -

non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). "It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes." *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000).

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Accordingly, a judge's failure to follow the sentencing guidelines is "not . . . reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). "We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011).

It is well-established that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, appellant's sentence was within the range set by the legislature. *See* Code §§ 18.2-248 and 18.2-256.

It was within the trial court's purview to weigh the mitigating evidence Allen presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—

those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Balanced against Allen's mitigating evidence, however, were the aggravating circumstances of Allen's present offenses. In explaining its upward departure from the guidelines' recommendation, the trial court noted that Allen "was a major supplier of cocaine to many individual sellers. [Allen] was living on his cocaine business as he hadn't had a regular job in many years and he had tens of thousands of dollars in cash from his sales." After considering the evidence, the trial court imposed the sentence it deemed appropriate. That sentence was "within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Brad O'Neal Allen is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.