UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and Friedman

LAWRENCE RICARDO NICHOLSON

v.  Record No. 1319-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 30, 2022

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant
Attorney General, on brief), for appellee.

Lawrence Ricardo Nicholson ("appellant") appeals a November 15, 2021 order sentencing

him to five years' incarceration with two years suspended after being convicted by the trial court of

felony hit and run.[1]  On appeal, he argues that the court abused its sentencing discretion by failing to

give adequate weight to his mitigating evidence and thus imposed a sentence that was "unduly

harsh" and "disproportionate."  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the dispositive" issue in this appeal

has been "authoritatively decided, and the appellant has not argued that the case law should be

overturned, extended, modified, or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).

Accordingly, we affirm the trial court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted appellant of driving under the influence and possession of
heroin.  Appellant does not challenge those convictions on appeal.  Appellant also did not
challenge on appeal the revocation of a previously suspended sentence.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Before accepting appellant's guilty plea, the court conducted a thorough colloquy to ensure that he understood the implications of pleading guilty. Appellant affirmed that he understood that by pleading guilty, he waived his right to a trial by jury, not to incriminate himself, to confront the witnesses against him, and to appeal certain decisions of the court. Appellant also acknowledged that he had discussed the charge and the potential sentence with his attorney and decided for himself to plead guilty because he was, in fact, guilty. Appellant declined the opportunity to ask the court any questions. The court accepted appellant's plea, finding that it was made "freely, voluntarily, with knowledge and intelligence."

The Commonwealth proffered that appellant crashed into the rear of a vehicle, causing "severe injuries" to the other driver, and "sped" away from the accident scene. Witnesses to the crash followed appellant's vehicle and were able to detain him until police officers arrived. The officers determined that appellant was intoxicated and found in his vehicle a straw with a white substance on it, which subsequent laboratory testing determined was heroin. Based on appellant's plea and the proffered evidence, the court convicted appellant of felony hit and run.

At the sentencing hearing, appellant testified that he "accepted responsibility" for his actions and was "[v]ery" remorseful. He became addicted to opiates due to pain after a workplace injury and spinal surgery in 1994 which left him disabled. After twenty years, his

doctors ceased prescribing painkillers and he began using heroin and in time, amassed a "substantial" criminal record, including many offenses of driving after revocation and obtaining money by false pretenses. Although he had been in various drug treatment programs since 2017, and had enjoyed some periods of success, he also had experienced some relapses. Appellant had used heroin just before the accident but had been drug-free "going on eight months" and "a lot of good things" were happening in his life that made him want to stay sober. He had been denied entry into one treatment program because of a recent surgery. He was also denied entry into drug court because of the injuries caused in the current incident. Appellant was "very disappoint[ed]" because he believed "without a shadow of a doubt that [he] would have completed" the drug court program.

Appellant argued that his drug use was not for his "amusement" but caused by the pain from his injury and subsequent surgery. He asked the court to sentence him at the low end of the discretionary sentencing guidelines[2] and consider ordering probation and a drug treatment program. The Commonwealth argued that appellant endangered the community by using drugs and driving, that he caused the victim to suffer "significant pain," and that a three-year sentence was appropriate. The Commonwealth acknowledged that appellant had "taken advantage of multiple drug counseling programs" but argued that they "did not work" and thus he was "not amenable to drug treatment."

In allocution, appellant apologized for his actions, said that he did not remember what happened, and acknowledged that he "made a lot of bad decisions" in life. He acknowledged that he had committed numerous offenses but emphasized that he had never hurt anyone before

---

[2] The discretionary sentencing guidelines recommended a sentence of one to two years in jail.

the current incident. Appellant explained that he was taking a non-narcotic prescription medicine, which effectively relieved his pain, and still desired to get help for his drug addiction.

The court found that the incident and appellant's history were "deeply troubling." The court acknowledged that "some" of appellant's history was "not of his doing" but found that "much" was "by his choice." Further, appellant "took a chance driving this vehicle after buying these drugs," and that choice caused "severe[] and undeserving[]" injuries to the victim. After considering the evidence, sentencing guidelines, and argument, the court sentenced appellant to five years' incarceration for felony hit and run, with two years suspended, for an active sentence of three years. This appeal follows.

ANALYSIS

Appellant argues that the court abused its discretion by imposing a three-year active sentence despite his "appropriate remorse" and the "mitigating factors such as" his "constant pain arising from a spinal operation." Further, appellant contends that the "shock of the accident" gave him "new commitment" to remain "clean and sober" and that he would be successful if given opportunity for treatment of his pain-driven addiction. Nonetheless, the court disregarded his pleas for mercy and imposed a sentence that was "disproportionate" and "an unwarranted departure above the guidelines." He argues that the court "ignored the factors warranting mercy," such as his pain and the mitigating circumstances. Thus, he contends, the sentence was "arbitrary and unduly harsh and did not further the goal of rehabilitation."

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Accordingly, a judge's failure to follow the sentencing guidelines is not "reviewable on appeal." Code § 19.2-298.01(F). Additionally, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*,

58 Va. App. 642, 654 (2011). "It lies within the province of the legislature to define and classify crimes and to determine the punishments for those crimes." *DePriest v. Commonwealth*, 33 Va. App. 754, 764 (2000). "No punishment authorized by statute, even though severe, is cruel and unusual unless it is one 'prescribing a punishment in quantum so severe for a comparatively trivial offense that it would be so out of proportion to the crime as to shock the conscience . . . .'" *Id.* (quoting *Hart v. Commonwealth*, 131 Va. 726, 745 (1921)). Appellant's offense was not trivial, and his sentence does not shock the conscience.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). It is well-established that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, appellant's sentence was within the range set by the legislature. *See* Code §§ 18.2-10(e) and 46.2-894 (providing that a violation that causes bodily injury is a Class 5 felony punishable by incarceration for "not less than one year nor more than 10 years").

It was within the trial court's purview to weigh the mitigating evidence appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the record

- 5 -

demonstrates that the trial court "considered" the mitigating evidence appellant cites on appeal and acknowledged that some of appellant's "deeply troubling" history was "not of his doing." Balanced against that evidence, however, was the "severe[] and undeserving[]" injuries appellant inflicted on the victim by choosing to take "a chance driving this vehicle after buying these drugs." After considering all the circumstances, the court imposed the sentence that it deemed appropriate. That sentence "does not exceed [the statutory] maximum," and our task is complete. *Id.* at 564; *see also Thomason*, 69 Va. App. at 99 ("Appellant's sentence was within the statutory range, and our task is complete.").

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*