COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Chaney


ROBERT LAMONT CHU, JR.

                                                          MEMORANDUM OPINION*
v.        Record No. 0734-22-3                                PER CURIAM
                                                          JANUARY 24, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(A. Hunter Jackson; Evans Oliver PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


Robert Lamont Chu, Jr., appeals an order of the Circuit Court of Rockingham County

revoking his suspended sentences for receiving stolen goods, assault or battery by a mob, and

possession of marijuana.  On appeal, Chu argues that the circuit court erred in revoking his

suspended sentences to impose four years of active incarceration and declining to make a finding

that he was a good candidate for rehabilitation.  After examining the briefs and record in this case,

the panel unanimously holds that oral argument is unnecessary because the appeal is

"authoritatively decided" and "wholly without merit."  Code § 17.1-403(ii); Rule 5A:27(a).

BACKGROUND

On appeal we "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it."  *Green v. Commonwealth*, 75 Va. App. 69, 76

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2022) (alteration in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

In December of 2013, Chu was convicted of assault and battery and felony receipt of stolen property. In accordance with the written plea agreement, Chu was sentenced to six-months' incarceration with six months suspended, and five years' incarceration with four years and six months suspended, respectively. The circuit court imposed three years' supervised probation as a condition of the suspended sentences. In November of 2015, Chu was convicted of assault or battery by a mob and possession of marijuana. Again, in accordance with the plea agreement, the circuit court sentenced Chu to twelve months' incarceration with six months suspended on each of the two charges. The circuit court ordered Chu to complete a two-year period of supervised probation. At that same hearing, Chu was found in violation of the terms of the 2013 suspended sentences due to the new convictions, along with positive drug screens and absconding from supervision. The circuit court imposed the balance of his six-month sentence for the assault and battery but revoked and resuspended the four years and six months' sentence for the receipt of stolen property. The circuit court extended Chu's supervised probation for a period of two years upon his release from incarceration as a condition of the suspended sentence on the 2013 offense, to be served concurrently with the supervision for his two new offenses.

In April of 2018, the circuit court found Chu in violation of the terms and conditions of his supervised probation and suspended sentences. On the receipt of stolen property offense, the circuit court revoked the four years and six months' suspended sentence and resuspended four years of that sentence. The circuit court revoked and resuspended both of the six-month sentences for the assault or battery by a mob and possession of marijuana sentences. The circuit court also extended Chu's

supervised probation for a period of two years upon his release from incarceration. Again in October of 2020, the circuit court found Chu in violation of the terms of his supervised probation and revoked and resuspended the remaining unserved time on his sentences. The circuit court extended the period of Chu's supervised probation for a period of one year, commencing immediately.

In September 2021, Chu's probation officer reported that Chu had incurred new charges in another jurisdiction and asked the circuit court to issue a show cause for Chu. At the revocation hearing, in May 2022, Chu presented the circuit court with information relating to his successful completion of a drug and alcohol treatment program. The circuit court found Chu in violation of his probation and suspended sentences and imposed the full balance of his suspended sentences. The circuit court ordered the active sentences imposed to run concurrently with one another, for a total period of four years' incarceration.

## ANALYSIS

When the circuit court has suspended the imposition of a sentence, it "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Further, "[t]he court . . . may place the defendant upon terms and conditions or probation." *Id.*

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). "In the absence of a clear statutory or

- 3 -

constitutional violation, we defer to the discretion of the circuit court regarding the decision of whether any act of grace is appropriate in the first instance[.]" *Green*, 75 Va. App. at 77 (alteration in original) (quoting *Garibaldi v. Commonwealth*, 71 Va. App. 64, 69 (2019)). Further, "[t]he statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007).

Chu argues that the circuit court abused its discretion by not considering his involvement in rehabilitation. It was within the circuit court's purview to weigh any mitigating factors Chu presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The only evidence Chu cites to support his assertion is the length of the sentence itself and the fact that the circuit court made no mention of Chu's involvement with the treatment program. The record does not support Chu's claim. The circuit court not only received evidence of Chu's involvement in the program, but also admitted individual certificates from the treatment program over the Commonwealth's objection. Chu conflates failure to discuss evidence with failure to consider evidence. The circuit court is not obligated to read into the record every factor it considered and the weight given to each one. "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)).

Chu demonstrated his disregard for the terms of his suspended sentences by committing more crimes and violating the terms of his supervised probation. The circuit court admonished Chu at his prior hearing in October of 2020—warning Chu that imposition of his entire suspended sentence "could have really happened here," saying "I've done it to people who come back on misdemeanors on their third time. That's the warning." At Chu's fourth revocation

hearing, it was reasonable for the circuit court to conclude that Chu was not amenable to rehabilitation. We find no abuse of the circuit court's discretion in sentencing Chu to the balance of his previously suspended sentences.

To the extent that Chu argues the circuit court erred in sentencing him above the recommended sentencing guidelines, we note that the circuit court was not bound by the sentencing guidelines. *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). The guidelines remain "advisory only and do not require trial courts to impose specific sentences." *Id.* A circuit court's decision regarding whether to follow the discretionary sentencing guidelines is not reviewable on appeal. Code § 19.2-298.01(F).

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Affirmed.*