COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Chaney

WILLIAM DOUGLAS LINKENHOKER, JR.

MEMORANDUM OPINION*

v.      Record No. 0983-22-3                                    PER CURIAM
                                                               JANUARY 31, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

(Matthew L. Pack; M. Pack Law, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Following his guilty pleas, the court convicted William Douglas Linkenhoker, Jr. of

possession of a Schedule II controlled substance with the intent to distribute, possession of a firearm

while possessing a Schedule II controlled substance, and possession of a firearm by a nonviolent

felon. The court also found that Linkenhoker had violated the conditions of a previously suspended

sentence based, in part, on the new convictions. On appeal, Linkenhoker argues that the court

abused its discretion by sentencing him to a total of ten years and six months' incarceration with six

years suspended for the new offenses and probation violation. After examining the briefs and

record, the panel unanimously holds that the issue has been authoritatively decided and the appeal is

wholly without merit. Code § 17.1-403(ii).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In September 2018, the court convicted Linkenhoker of possession of a Schedule II controlled substance, possession of a Schedule II controlled substance while possessing a firearm, and possession of a firearm by a nonviolent felon. In December 2018, the court sentenced him to a total of five years' incarceration with four years and nine months suspended, conditioned on good behavior, abstaining from controlled substances, payment of court costs, and the successful completion of two years' supervised probation.

Linkenhoker began supervised probation in March 2019. In August 2019, he was charged with possession of a Schedule II controlled substance with the intent to distribute, possession of a Schedule II controlled substance while possessing a firearm, and possession of a firearm within ten years of being convicted of a nonviolent felony. In addition, the probation officer reported that Linkenhoker had tested positive for amphetamines or marijuana nine times and had failed to report for testing three times. The court issued a capias for Linkenhoker's arrest. Linkenhoker was arrested and released on bond on December 6, 2019.

On May 19, 2020, Linkenhoker stipulated that he had violated the conditions of his previously suspended sentence, and the court continued the matter pending resolution of the new criminal charges. In September 2021, Linkenhoker pleaded guilty to possession of a Schedule II controlled substance with the intent to distribute, possession of a firearm while possessing a

Schedule II controlled substance, and possession of a firearm by a nonviolent felon.[1]  The court accepted the pleas, finding they were freely and voluntarily entered.

The Commonwealth proffered that on August 2, 2019, police executed a search warrant at Linkenhoker's home.  During the search, Linkenhoker admitted that police would find "an eight ball of methamphetamine in an outbuilding."  Police found six grams of methamphetamine "in and around" the home, digital scales, and packaging material.  They also seized five firearms, including one handgun in a bedroom near Linkenhoker's identification.

Based on Linkenhoker's pleas and the proffered evidence, the court convicted him of possession of a Schedule II controlled substance with the intent to distribute, possession of a firearm while possessing a Schedule II controlled substance, and possession of a firearm by a nonviolent felon.  The court continued the matter and the probation violation case for a joint sentencing hearing and ordered Linkenhoker be evaluated for eligibility for treatment through the Community Corrections Alternative Program (CCAP).

At the sentencing hearing, Charles Gibson, Linkenhoker's probation officer, testified that CCAP is designed for offenders who need more "intensive treatment . . . than what probation has given them."  CCAP initially rejected Linkenhoker after concluding that he was at a "low risk" of reoffending, but after speaking to Gibson, CCAP determined he would be a good candidate.  Gibson confirmed that a sentence of "CCAP in lieu of active incarceration" would be "within the guidelines for the probation violation."  If the court ordered Linkenhoker to CCAP, the program would evaluate his "drug problem" and determine how long he would have to participate in the program.

Linkenhoker's wife, Debbie, testified that she and Linkenhoker had sole custody of their grandson, and Linkenhoker was their "sole provider."  Linkenhoker also suffered from epilepsy and

---

[1] In exchange for his pleas, the Commonwealth amended the charge alleging possession of a firearm within ten years of being convicted of a nonviolent felony to merely possession of a firearm by a nonviolent felon.

had been prescribed an "opioid medication" to manage his symptoms and pain. Debbie stated that Linkenhoker "develop[ed] an issue" with his medication, leading to his addiction to "other drugs," and she believed that CCAP could provide helpful treatment and instruction on "how not to want to use again." The child's guardian *ad litem* submitted a letter to the court recommending that the child remain in the home despite Linkenhoker's criminal cases.

Linkenhoker asked the court to sentence him to an "appropriate" period of incarceration "suspended after successful completion" of CCAP. Such a sentence would allow him to continue working and caring for his grandson whereas "multiple years in the penitentiary" would "take away from the child." He also argued that he had been a "law abiding citizen" since March 2020. The Commonwealth responded that this was Linkenhoker's seventh felony sentencing event, and his most recent offenses were identical to his prior offenses. It argued that the court should not give weight to CCAP's determination because its initial assessment was that Linkenhoker had a low risk of reoffending despite his criminal history. The Commonwealth asked the court to sentence Linkenhoker near "the middle of the sentencing guidelines"[2] and "forego CCAP."

In allocution, Linkenhoker stated that his priorities had changed since he obtained custody of his grandson. He loved his grandson, had quit smoking for him, and claimed that he now lived in "a different world." He asked the court to allow him to "continue" supporting his grandson.

The court denied Linkenhoker's request to be sentenced to CCAP and imposed a total of ten years' incarceration with six years suspended for the new criminal offenses. The court also revoked and imposed six months of the suspended sentence on the probation violation. The court recognized Linkenhoker's desire to support his grandson and applauded his decision to quit smoking. The court also found that Linkenhoker's extensive criminal history included several firearm offenses

---

[2] The discretionary sentencing guidelines recommended a sentencing range of five years, eight months' incarceration to nine years, three months, with a midpoint of seven years, seven months.

- 4 -

dating to 1996. The court determined that Linkenhoker had not "learn[ed]" from his "mistakes" but had instead committed the same criminal offenses.

Linkenhoker argues that the court abused its discretion by "not properly weighing the sentencing guidelines" and failing to sentence him to CCAP. He maintains that the sentencing guidelines "should have been given significant weight" and the court should have been required to explain "on the record" why it did not permit him to enter CCAP. Linkenhoker acknowledges that under existing "case law" the court was not required to send him to CCAP and could exceed the sentencing guidelines. Nevertheless, he maintains that there is a "good faith argument" for extending, modifying, or reversing that case law.

ANALYSIS

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Accordingly, a judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Instead, "[w]e review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Linkenhoker's sentences were within the sentencing ranges set by the legislature. *See* Code §§ 18.2-248, 18.2-308.2(A), 18.2-308.4.

Regarding Linkenhoker's probation violation, after suspending a sentence, a court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when the court considered Linkenhoker's violation,[3] once it found that he had violated the terms of the suspension, the court had to revoke the suspended sentence and it was in "full force and effect." Code § 19.2-306(C)(ii). The court was permitted—but not required—to resuspend all or part of the sentence. *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). Thus, the court did not abuse its discretion by imposing six months of Linkenhoker's previously suspended sentence.

In fashioning a sentence, it was within the court's purview to weigh any mitigating factors Linkenhoker presented, including his custody of his grandson and desire to participate in CCAP so he could continue supporting his grandson. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those factors, however, was his extensive criminal history, which included seven felony sentencing events and repetitive firearm offenses dating to 1996. Moreover, "[t]here is no general requirement that trial courts must state for the record the reasons underlying their decisions," and Linkenhoker provides no authority to support his proposition that the court should have done so in this case. *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015).

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the

---

[3] Although Code § 19.2-306(C) was amended effective July 1, 2021, Linkenhoker does not argue that the statutory amendment applied in his case. Moreover, even under the new statutory framework the court has discretion to impose the balance of a previously suspended sentence when, as here, a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Spec. Sess. I ch. 538; Code § 19.2-306.1(B).

entire case." *Id.* After considering all the circumstances, the court imposed the sentence that it deemed appropriate. Linkenhoker's "sentence was within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.[4]

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[4] We reject Linkenhoker's invitation to overturn established case law. "'[W]e are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Additionally, under the doctrine of interpanel accord, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment." *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)).