COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Haley

TYVON K. BANKS

v.      Record No. 0651-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 15, 2023

FROM THE CIRCUIT COURT OF SUSSEX COUNTY
Carson E. Saunders, Jr., Judge

(Rocco Columbus; Randall Page, P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant Attorney General, on brief), for appellee. Appellee submitting on brief.

Tyvon K. Banks challenges the 15-year period of active incarceration the Circuit Court of Sussex County imposed after convicting him of indecent liberties with a minor and aggravated sexual battery and finding that he had violated the terms of his previously suspended sentence. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND[1]

In 2017, Banks pleaded guilty to one count of rape of a child under the age of 13 in violation of Code § 18.2-61. Consistent with the terms of the written plea agreement, the trial court sentenced him to 20 years' imprisonment with 15 years suspended on the conditions that he

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Under settled principles of appellate review, we state the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court, and accord the Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence. *See, e.g.*, *Chavez v. Commonwealth*, 69 Va. App. 149, 153 (2018).

comply with supervised probation and keep the peace and be of good behavior. Eight months after his release from prison, Banks molested K.J., his nine-year-old niece, and was subsequently indicted on three counts of sexual assault. In 2021, Banks pleaded guilty to indecent liberties with a minor, in violation of Code § 18.2-370, and aggravated sexual battery, in violation of Code § 18.2-67.3, and he stipulated that he had violated the terms of the 2017 suspended sentence.[2]

At a contested sentencing hearing, Banks's grandmother and a family friend testified to Banks's personal history, his amenability to rehabilitation, and steps they would personally take to ensure Banks complied with conditions set by the trial court. Banks took the stand to apologize and explain how he had changed. The trial court also received a presentence report containing information about Banks's mental health and intellectual disabilities.

After reviewing the evidence presented and argument from counsel, the trial court discussed its five goals of sentencing: retribution, deterrence, incapacitation, rehabilitation, and restitution. The trial court specifically noted that it wanted to address Banks's mental health concerns when crafting his sentence. The trial court then sentenced Banks to a total sentence of 45 years' imprisonment with 30 years suspended. Banks appeals, contending that the trial court erred in sentencing him to this period of active incarceration.

ANALYSIS

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

---

[2] In exchange for his pleas, the Commonwealth agreed to nolle prosequi one count of object sexual penetration of a minor less than 13 and agreed to a maximum of 20 years' active incarceration.

Banks argues the trial court abused its discretion by not considering the mitigating evidence he presented. The record does not support Banks's claim. The trial court not only received evidence of Banks's mitigation, but stated "[t]he [trial c]ourt looks at the mitigating -- [i]n other words, the positive sides for you and the positive sides have to be particularly the family and friendship support that you have here today." The weight given to those circumstances, though, was within the trial court's purview. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

The trial court is not obligated to read into the record every factor considered and the weight given to each one. "Absent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Considering the record, it would be without support to find that the trial court neglected to weigh Banks's mitigation.

To the extent that Banks's argument that the sentence is "unnecessarily harsh and cruel" is intended to present a proportionality challenge, we must reject it.[3] Moreover, Banks agreed to a maximum sentence of 20 years when he entered the plea agreement. "The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." *Clark v. Commonwealth*, 220 Va. 201, 214 (1979). In arguing that a sentence below the maximum to which one agreed is "unnecessarily harsh and cruel," Banks is asking this Court to

---

[3] This Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for 18 separate crimes).

revise the written plea agreement he negotiated with the Commonwealth. "No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong." *Fisher v. Commonwealth*, 236 Va. 403, 417 (1988).

Banks's argument that the trial court erred by sentencing him above the recommended sentencing guidelines range lacks merit. The guidelines are "advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). "[T]he recommended sentencing ranges contained in these discretionary guidelines are not binding on the trial judge but, rather, are mere tools to be used by the judge in fixing an appropriate sentence within the limitations established by the statute governing punishment for the particular crime." *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A trial court's decision regarding whether to follow the discretionary sentencing guidelines is "not . . . reviewable on appeal." Code § 19.2-298.01(F).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.