COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

CHRISTIAN COLEMAN

v.      Record No. 0173-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 12, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Kelly L. DiCorrado; Infinity Law Group, PLC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.

Appellant, Christian Coleman, pleaded guilty to possession of a firearm by a convicted

non-violent felon more than ten years after his conviction, and carrying a concealed weapon, second

offense. By final order entered December 28, 2022, the trial court sentenced him to a total of five

years, six months' incarceration, with three years, six months suspended. Coleman challenges the

active sentence the trial court imposed, contending that the trial court considered "improper and

irrelevant factors" when it imposed an active sentence that exceeded the "high end" of the

sentencing guidelines. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

In October 2022, Coleman pleaded guilty to possession of a firearm by a convicted non-violent felon more than ten years after his conviction, and carrying a concealed weapon, second offense.[1]  Before accepting Coleman's guilty pleas, the trial court conducted a colloquy with him to ensure that he understood their implications.  Coleman acknowledged that he had "read, sign[ed] and underst[oo]d" the "Advice to Defendants Pleading Guilty" form.  On that form, Coleman recognized that he faced a maximum sentence of five years' imprisonment for each charge and that the trial court was not required to follow the sentencing guidelines recommendation.  Coleman confirmed that there was no agreement or promises made to him regarding the sentence the trial court could impose.  Coleman indicated that he was satisfied with his attorney and declined the opportunity to ask the trial court questions.

According to the agreed stipulation of facts, in March 2022 at 10:48 p.m., Norfolk police officers conducted a traffic stop of a silver Nissan Altima that was speeding and failed to stop before turning at a red light.  Officer Martinson instructed Coleman, who was sitting in the front passenger seat, "to step out of the car and move toward the rear of the vehicle."  As Coleman spoke with the officer, Martinson shined his flashlight and saw "what appeared to be a firearm" in the front pocket of Coleman's hooded sweatshirt.  Martinson recovered a "Glock 36 handgun" from Coleman's sweatshirt pocket.  After Martinson read Coleman his *Miranda*[2] rights, Coleman admitted that he was a convicted felon and did not have a concealed weapon permit.

The trial court found that Coleman's pleas were freely, voluntarily, and intelligently entered, with an understanding of the charges and consequences of his pleas.  Based on

---

[1] Coleman did not have a plea agreement, but he pleaded guilty to an amended indictment and signed a stipulation of facts after waiving his right to a preliminary hearing.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Coleman's guilty pleas, the trial court convicted him of the charges, ordered a presentence report, and allowed Coleman to remain on bond pending sentencing.

At the sentencing hearing, the Commonwealth asked the trial court to impose a sentence between the low and middle range of the discretionary sentencing guidelines.[3]  The Commonwealth acknowledged Coleman's criminal history, including a 2020 conviction for assault and battery of a law enforcement officer and carrying a concealed weapon.  The Commonwealth "underst[oo]d the facts" of Coleman's previous convictions but noted that Coleman had served seven months' incarceration for those offenses.  The Commonwealth noted that the circumstances surrounding Coleman's most recent offenses were not aggravating "in any way"—Coleman was cooperative with the police officers, and he admitted that he was a convicted felon and did not have a concealed weapon permit.

Coleman asked the trial court to impose an active three months' incarceration.  Coleman stressed that he was cooperative, truthful, and honest with the officers.  In addition, he did not resist, or "show any signs of force or obstruction."  Coleman reiterated that he had pleaded guilty to the charges and accepted responsibility for his actions "from the very beginning."  In Coleman's view, his acceptance of responsibility, and the fact that he did not flee from the scene despite his co-defendant's stated desire, showed that he had grown and learned from his past. Coleman now appreciated the "problem with the firearms" in Norfolk.  Though he contended that he had carried the weapon for "safety" reasons, he acknowledged that he could no longer "put [him]self in the position where [he has] safety issues."  Coleman noted that he had been "doing really well" and did "everything" he was required to do with pretrial.  In addition, he had

---

[3] The discretionary sentencing guidelines recommended a sentence between a low end of seven months and a high end of one year, two months' incarceration, with a midpoint of one year.

maintained employment, helped provide for his two-year-old son, and had saved money because he knew he would have to serve "additional time."

The trial court noted the details of Coleman's prior assault and battery of a law enforcement officer conviction, concluding that seven months' incarceration was "[n]ot enough" time to serve under those circumstances. Notwithstanding Coleman's acceptance of responsibility, the trial court found that Coleman had not learned or changed because he was a convicted felon who "got a gun again" and had not "learned to stop carrying a gun." The trial court sentenced Coleman to a total of five years and six months' imprisonment with three years and six months suspended.

As noted above, Coleman challenges the active sentence the trial court imposed. He argues that the trial court failed to consider his mitigating evidence and, instead, imposed an "excessive" sentence that exceeded the sentencing guidelines based on its "opinion that [Coleman] did not receive a proper sentence" for his prior conviction for assault and battery of a law enforcement officer.

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Rather, the guidelines are a tool for the judge's use in determining an appropriate sentence. *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we consider only whether the sentence imposed represents an abuse of the trial court's broad sentencing discretion. *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011).

"[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*,

- 4 -

274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, the sentences the trial court imposed were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-308, 18.2-308.2.

The abuse of discretion standard, however, also "includes review to determine that the discretion was not guided by erroneous legal conclusions." *Commonwealth v. Greer*, 63 Va. App. 561, 568 (2014) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)). The Supreme Court has "focused" that standard "by identifying the 'three principal ways' by which a court abuses its discretion:" by failing to consider a relevant factor that should have been given significant weight, by considering an irrelevant or improper factor, or by committing a clear error of judgment when weighing all proper factors. *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). Coleman posits that the trial court abused its discretion by considering an irrelevant or improper factor—that the sentence he received for his 2020 convictions were "[n]ot enough" and that he had a "propensity for violence." His arguments, however, fail to demonstrate any abuse of discretion.

It was within the trial court's purview to weigh the mitigating evidence Coleman presented, including his acceptance of responsibility, the care he provided for his son, and his compliant interaction with the police officers who arrested him. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record does not support Coleman's contention that the trial court failed to consider his mitigating evidence. "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and

seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Balanced against Coleman's mitigating evidence, however, was his criminal history which included an assault and battery of a law enforcement officer and a prior firearm charge. In addition, the trial court reasonably found that Coleman had not changed because he was a convicted felon who had not "learned to stop carrying a gun." Thus, the record does not support the argument that the trial court failed to consider Coleman's mitigation evidence. "Appellant's sentence was within the statutory range, and our task is complete." *Thomason*, 69 Va. App. at 99.

## CONCLUSION

Finding no abuse of the trial court's sentencing discretion, its judgment is affirmed.

*Affirmed.*