COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

JUAN SALAZAR ROJAS

v.     Record No. 1525-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JULY 11, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(David R. Martin; Law Office of David R. Martin, PLLC, on brief),
for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Robert D. Bauer, Assistant
Attorney General, on brief), for appellee.

Juan Salazar Rojas ("appellant") appeals the trial court's judgment revoking his

previously suspended sentences, resulting in 6 years, 3 months, and 325 days' incarceration.

Appellant argues that the trial court abused its sentencing discretion by ignoring mitigating

factors. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). The trial court's judgment is affirmed.

BACKGROUND

On May 22, 2020, the trial court convicted appellant of felony child abuse and neglect,

felony driving while intoxicated, third offense within five years, and misdemeanor driving while

intoxicated, second offense within five years. The court sentenced appellant to a total of 7 years and

360 days' incarceration, with all but 9 months and 35 days suspended, which reflected the

---

[*] This opinion is not designated for publication. See Code § 17.1-413(A).

mandatory minimum term of incarceration of 6 months and 35 days. The suspended sentences were conditioned on appellant's successful completion of supervised probation and remaining drug and alcohol free. Appellant finished his term of active incarceration and began supervised probation in June 2020.

On May 25, 2021, appellant's probation officer reported that although appellant initially "adjusted well to probation" by enrolling in counseling, attending his appointments, and maintaining employment, he tested positive for cocaine and amphetamines on May 11, 2021. In addition, he admitted that he routinely consumed alcohol every weekend while on probation. On May 24, 2021, appellant was charged with felony driving under the influence, fourth offense within ten years, felony eluding, felony attempting to flee from a law enforcement officer, and felony driving on a revoked operator's license. The probation officer asked the trial court to impose a "significant portion" of appellant's previously suspended sentences because he was a "threat . . . to the community." The trial court issued a capias for appellant's arrest on May 25, 2021. In March 2022, appellant was convicted of three of the four DUI-related felony charges.

At the revocation hearing, appellant did not contest that he had violated the conditions of his suspended sentences. Flor Salazar, appellant's cousin, testified that their family would help keep appellant "occupied at work" after he completed any active incarceration so he could provide for his five-year-old daughter. Salazar noted appellant's strong work ethic and regular church attendance but acknowledged that she could not stop appellant from driving while intoxicated. Margarito Rojas, another cousin, similarly testified that he would support appellant and "motivate" him to abstain from alcohol. Margarito described appellant as an "outgoing guy" who loved his family and was involved in his daughter's life.

Appellant admitted that he had an "alcohol problem" for which he had sought treatment. He claimed that he had "grow[n] up a lot" since his most recent arrest and now understood that it was

time "to stop." He wanted to continue treatment and was willing to "walk away" from any circumstances involving alcohol. He admitted that he made poor, selfish decisions while intoxicated and needed "to do more" to maintain his sobriety. He acknowledged that his criminal history extended back to 2010 and included offenses for larceny, vandalism, assault and battery on a law enforcement officer, domestic assault and battery, and underage possession of alcohol.

The Commonwealth argued that appellant was a "menace" to the community as demonstrated by his numerous DUI-related offenses and extensive criminal history. His most recent alcohol-related offenses had endangered "hundreds of people on the road" as he eluded police and drove through "a very crowded and densely packed trailer park." Accordingly, the Commonwealth asked the trial court to impose a significant period of incarceration to "protect innocent people."[1] Appellant countered that a lengthy sentence would not be productive. He argued that he needed "inpatient alcohol treatment" and that his criminal history had been nonviolent since 2016. Emphasizing that this was his first probation violation, appellant asked the trial court to impose a sentence that allowed him to address his alcoholism and repay the community. In allocution, appellant asked the trial court to "look past" his criminal history and give him "another chance." He apologized and stated that he was "a new person."

After "consider[ing] all the evidence," the trial court found that appellant's offenses demonstrated an "utter disregard" for the community and that he needed to "change." The court found that the underlying DUI offense involved endangering a child and appellant had returned "with the same exact behaviors." Accordingly, the trial court revoked the balance of appellant's previously suspended sentences, resulting in 6 years, 3 months, and 325 days' active incarceration. Appellant appeals.

---

[1] The revocation sentencing guidelines recommended between one year and three months' incarceration and four years' incarceration.

ANALYSIS

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statutes in effect when appellant's revocation proceedings began, once the trial court found that he had violated the terms of the suspension, it was obligated to revoke the suspended sentences and the original sentences would be in "full force and effect." Code § 19.2-306(C)(ii) (2020 Cum. Supp.). The trial court was then permitted—but not required—to re-suspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).[2]

---

[2] Effective July 1, 2021, Code § 19.2-306(C) was amended and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Sp. Sess. I, ch. 538. Instead, "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court *may* revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C) (emphasis added). Nevertheless,

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B). Appellant's violation was based, in part, on new criminal offenses committed after the date of the suspension. Accordingly, even under the new probation

Appellant argues that the trial court abused its discretion by imposing a sentence above the discretionary sentencing guidelines and disregarding "significant relevant mitigating factors." He emphasizes his initial compliance with his probation obligations, including his efforts to seek treatment. He also argues that his support network, work history, and family obligations warranted less active incarceration.

"The sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Accordingly, a judge's failure to follow the sentencing guidelines in a revocation case is "not . . . reviewable on appeal" and cannot "be used for the basis of any other post-proceeding relief." Code § 19.2-306.2(D). In addition, when fashioning the sentence in this case, it was within the trial court's purview to weigh any mitigating factors appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Balanced against those factors, however, was appellant's extensive criminal history and repeated DUI-related offenses within a short period of time. The trial court reasonably found those circumstances demonstrated appellant's "utter disregard" for the safety of the community. The record demonstrates that the trial court considered "all the evidence" and imposed the sentence it deemed appropriate.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Appellant's behavior, including routinely drinking in defiance of the conditions of his suspended sentences and the new felony convictions, supports the trial court's finding that he was not amendable to rehabilitation. "When coupled with a suspended sentence, probation represents

---

framework, the trial court retained the discretion to impose "any or all" of his previously suspended sentences. *Id.*

'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him.

"For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. Upon review of the record in this case, we conclude that the sentence the trial court imposed represents such real consequences and was a proper exercise of judicial discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed*.